## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

SHARDAE ROXANNE UNTALAN LOVE,
DOB: 11/05/1986

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0119-18**
GPD Report No. 18-05924

**DECISION & ORDER
RE. DEFENDANT'S MOTION TO
RECONSIDER**

This matter came before the Honorable Alberto E. Tolentino on October 15, 2024, for a Motion Hearing. Defendant Shardae Roxanne Untalan Love ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the Defendant's Motion to Reconsider.

\\

\\

\\

\\

## BACKGROUND

On March 8, 2018, Defendant Love was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony).[1] Prior to the court's entry of judgment, the Defendant received five (5) violations while on pre-trial release for violating conditions.[2] The court accepted the Defendant's guilty plea on March 8, 2019. After the court entered judgment in this matter against Defendant Love, she accumulated nine (9) more violations for violating conditions of her probation.[3]

Due to the violations, the People filed its Motion to Revoke the Defendant's Probation on October 20, 2022. The Defendant filed her Opposition to the People's motion on September 18, 2023. On September 25, 2023, the court took the matter of the Defendant's revocation of probation under advisement. While under advisement, the parties stipulated to the Defendant's release to Guam Behavioral Health and Wellness Center ("GBHWC"), so that she can undergo inpatient treatment within the Women's Residential facility.[4] However, the court filed its Decision and Order granting the People's motion to revoke and sentencing her to serve three (3) years at the Department of Corrections.[5]

On July 17, 2024, the Defendant filed a Motion to Reconsider ("Motion") on the basis that she completed treatment.[6] The court held a hearing on the Motion on September 12, 2024. Because the Defendant stated that this Motion could also be treated as a motion to reduce the sentence imposed in the Decision and Order, the court gave the Defendant and the People an

---

[1] Indictment (Mar. 8, 2018).
[2] 1st Violation Report (Mar. 20, 2018); 2nd Violation Report (Apr. 3, 2018); 3rd Violation Report (July 23, 2018); 4th Violation Report (Aug. 1, 2018); 5th Violation Report (Nov. 16, 2018).
[3] 1st Violation Report (June 12, 2019); 2nd Violation Report (Sept. 30, 2019); 3rd Violation Report (Nov. 14, 2019); 4th Violation Report (Dec. 30, 2019); 5th Violation Report (Feb. 5, 2020); 6th Violation Report (June 16, 2021); 7th Violation Report (Apr. 13, 2022); 8th Violation Report (May 2, 2022); 9th Violation Report (Oct. 13, 2022).
[4] Stip. & Order (Jan. 9, 2024).
[5] Decision & Order (Jan. 18, 2024).
[6] Mot. Reconsider (July 17, 2024).

opportunity to file a sentencing memorandum and response. Mot. Hr'g Mins. at 2:42:15–48:34PM (Sept. 12, 2024). The Adult Probation Office ("Probation") filed its Informational Report regarding the Defendant's history with Probation. On October 15, 2024, the court held another Motion Hearing on October 15, 2024. Although the parties did not file a sentencing memorandum and response, the court took the matter under advisement after the parties addressed the matter on the record. Mot. Hr'g Mins. at 2:33:40–33:45PM (Oct. 15, 2024).

## DISCUSSION

**A. The court still finds that the Defendant violated her conditions to warrant revocation of probation.**

Under the Local Rules of the Superior Court of Guam:

(d) Motion for Reconsideration. A motion may be renewed only on the grounds of
> (1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

CR 1.1(d)(1)–(3). The Defendant argued that the new material fact that emerged after the court's decision to revoke was her completion of treatment at GBHWC's Women's Residential. However, Defendant Love completed treatment on July 8, 2024; seven (7) months after the court had revoked her probation. Mot. Reconsider at Ex. "G" (July 17, 2024). Despite this, the court had already waived all other terms of the Defendant's Plea Agreement and Judgment of Conviction in its Decision. While the Defendant completed the conditions of her probation after being revoked, this new information would not change the fact that she violated her conditions while still under

probation's supervision. Therefore, the court does not find that there are grounds to reconsider its decision to revoke Defendant Love's probation.

## A. The court grants the Defendant's oral request to reduce the sentence.

Alternatively, the Defendant requested that the court reduce her sentence from three (3) years at the Department of Corrections to one (1) year; should the court deny the Motion to Reconsider. Mot. Hr'g Mins. at 2:14:51–15:11PM (Oct. 15, 2024). Although the court issued its Decision and Order revoking Defendant Love's probation, the court has not yet filed its Judgment formalizing the revocation of probation and imposition of a sentence. Pursuant to the Defendant's Plea Agreement, "the Court *may* impose *any sentence* that may have been imposed originally for the crime of which Defendant is pleading guilty to." Plea Agreement at 4 (May 13, 2019) (emphasis added).

In this case, the Defendant pled guilty to the offense of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. Despite making progress after the court had taken the Defendant's revocation under advisement, the Defendant had used that time to accomplish the substantial requirement of her plea agreement: completion of treatment. Therefore, the court finds that the Defendant's voluntary completion of treatment substantially complied with the purposes of her plea agreement.

\\

\\

\\

\\

\\

<u>**CONCLUSION**</u>

The court hereby **DENIES** the Defendant's Motion to Reconsider. However, the court **GRANTS** the Defendant's oral motion to reduce the Defendant's sentence. The court's Judgment issuing revocation and imposing the sentence shall be filed concurrent with this Decision and Order.

**SO ORDERED** this _____JAN − 3 2025_____ .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**

ı acknowledge that an electronic
Copy of the original was e mailed to

*AG, PDSC*

Date *1/3/25* Time. *4:18PL*

*Albert C. Iden L.*

Deputy clerk , Superior Court of Guam